UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY MacNEAL,<br><br>                              Plaintiff,<br><br>          -against-<br><br>THE STAE OF NEW YORK, et al.,<br><br>                              Defendants. | 1:24-CV-6017 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff Kelly MacNeal, who is appearing *pro se*, brings this action invoking 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, the Fair Housing Act, and what appears to be Title II of the Americans with Disabilities Act. In addition, she asserts claims under state law. Plaintiff seeks damages, and sues: (1) the State of New York; (2) the City of New York; (3) the New York State Division of Human Rights ("DHR"); (4) the New York City Police Department ("NYPD"); (5) the New York City Fire Department's ("FDNY") Emergency Medical Service ("EMS"); (6) DHR employee Chelsea John; (7) DHR employee Elena Perlongo; (8) DHR employee Gina Martinez; (9) DHR employee Candace Tyndall; (10) DHR employee John Herrion; (11) NYPD Police Lieutenant Corde; (12) NYPD Police Officer Castro; (13) NYPD Police Officer Orellana; (14) NYPD Police Officer Quintuna-Guaman; and (15) two unidentified "John Doe" FDNY Emergency Medical Technicians. She does not, however, provide service addresses for any of the defendants.

      By order dated August 14, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against the DHR, as well as those against the NYPD and the FDNY's EMS; (2) directs service on the State of New York and the City of New York (whose

service addresses are easily discernable); and (3) directs the Attorney General of the State of New York and the Corporation Counsel of the City of New York to provide to the Court and to Plaintiff the service addresses of the identified individual defendants, and directs the City Corporation Counsel to provide to the Court and to Plaintiff the identities (and, if possible, shield numbers) as well as the service addresses of the unidentified "John Doe" defendants.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A.   Claims against the DHR, the NYPD, and the FDNY's EMS

The Court dismisses Plaintiff's claims against the DHR, an agency of the State of New York, because they are redundant of Plaintiff's claims against the State of New York, which is also a named defendant. *See* Fed. R. Civ. P. 21.

The Court must also dismiss Plaintiff's claims against the NYPD and the FDNY's EMS. The NYPD and the FDNY's EMS, which are agencies of the City of New York, are not separate entities that can be sued. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD is not a proper defendant); *Charles v. City of New York*, No. 21-CV-5567 (JPC), 2023 WL 2752123, at *3 (S.D.N.Y. Mar. 31, 2023) (same as to FDNY); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore also dismisses Plaintiff's claims against the NYPD and the FDNY's EMS, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.    **Service on the State of New York and the City of New York**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the State of New York and the City of New York through the USMS, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for the State of New York and the City of New York, and deliver to the USMS all the paperwork necessary for the USMS to effect service upon those defendants.

If the complaint is not served on the State of New York and the City of New York within 90 days after the date that summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

C. **Service addresses of the identified individual defendants, and the identities and service addresses of the unidentified "John Doe" defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in providing an unidentified defendant's identity and a defendant's proper service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DHR and the NYPD to provide the service addresses of the identified individual defendants, and to permit the FDNY to provide the identities (and, if possible, shield numbers) as well as service addresses of the unidentified "John Doe" defendants. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of the DHR, and the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD and the FDNY, must ascertain the service addresses of the identified individual defendants and the identities (and, if possible, shield numbers) as well as service addresses of the unidentified "John Doe" defendants. The State Attorney General and the City Corporation Counsel must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint providing that information. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the individual defendants.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

For the reasons discussed above, the Court: (1) dismisses Plaintiff's claims against the DHR as redundant of her claims against the State of New York, *see* Fed. R. Civ. P. 21; (2) dismisses Plaintiff's claims against the NYPD and the FDNY's EMS for failure to state a

claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); and (3) directs the Clerk of Court to also (a) issue summonses for the State of New York and the City of New York, (b) complete USM-285 forms with the service addresses of the State of New York and the City of New York, and (c) deliver all documents necessary to effect service of the summonses and the complaint on the State of New York and the City of New York to the USMS.

The Court further directs the Clerk of Court to mail copies of this order and copies of the complaint to: (1) the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005; and (2) the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

An amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[2]

SO ORDERED.

Dated: August 19, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[2] If Plaintiff consents to receive documents by email, she will no longer receive court documents by regular mail.

## SERVICE ADDRESSES

1. The State of New York
   Office of the New York State Attorney General
   28 Liberty Street
   New York, New York 10005

2. The City of New York
   Law Department
   100 Church Street
   New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                    State                    Zip Code

_____

Telephone Number                Email Address (if available)

Page 3

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
            First Name              Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City            State           Zip Code

Defendant 2: _____
            First Name              Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City            State           Zip Code

Defendant 3: _____
            First Name              Last Name

            _____
            Current Job Title (or other identifying information)

            _____
            Current Work Address (or other address where defendant may be served)

            _____
            County, City            State           Zip Code

Defendant 4:

    First Name                   Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City                State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name / Middle Initial | Last Name |
| Street Address | |
| County, City / State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____   _____   _____   _____
Address                City           State         Zip Code

_____   _____
Telephone Number               E-mail Address

_____   _____
Date                           Signature

**Click Here to Save**