May 20, 2025

**BY ECF**
Honorable Jennifer Willis
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

RESPONSE TO STATES OBJECTION TO
OSC COMPEL ANSWERS TO
INTEROGATORIES AND
ADMISSIONS
AND PRODUCE RECORDS

      Re: Kelly MacNeal v. State of New York, et al.,
         24-CV-6017 (LGS)(JW)

Your Honor,

    I am the pro se plaintiff in the above referenced case. The case was filed August 1, 2024 against employees of both the City of New York and The State of New York.

The Amended Complaint was filed timely on Friday November 29, 2024 (ECF No.37).

Defendant (The State) now seeks, not only a motion to dismiss, but a Rule 12 motion (ECF No. 78) demanding Plaintiff prove her case in advance of discovery or submit to summary judgment.

Plaintiff is still waiting for delivery of FOIL requested materials from the City, crucial to revealing facts in this case.

The pro se Plaintiff, beyond lacking legal prowess, is heavily impeded by struggles with the migraines and painful effects of her disability, central to this case; and requires as much time and leeway as the Court may allow her to effectively pursue her claims without representation.

As stated in Plaintiff's Order to Show Cause, she examined the State's Motion to Dismiss and Rule 12 and Rule 56 Motions for summary judgment and found the Memorandum of Law statement of facts contains numerous errors of fact and misleading omissions.

Along with the ML was a "NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS."  This notice made overt threats, stating:

"You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."
And
"In short, Rule 56 provides that you may NOT oppose the defendants' motion simply by relying upon the allegations in your complaint.  Rather, you must submit evidence … countering the facts asserted by the defendant….  If you have proof of your claim now is the time to submit it."
And

1

"If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by the defendant, the Court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial."

Plaintiff's requests for interrogatories and admissions seek nothing but a mutual expectation that the defendant's swear to their alleged facts. Ms. Johns' affidavit failed to directly attest to many crucial facts and instead relies on the insinuation of facts as documented by a cherry picked "excerpt of the Event History" of Plaintiffs case (ECF No76. Declaration of Chelsea John ¶ 8).

The State now come forth claiming they had no expectation or real intention of the Court "converting" the Motion to Dismiss into a Motion for Summary Judgment.

Plaintiff posits that the State intended to intimidate her because they fail to show legitimate cause for dismissal. The State is not immune from claims under the Equal Protection Clause. And while Plaintiff's case is admittedly complex, it stands on solid ground.

Plaintiff is disabled. She needed, and still needs, help enforcing her disability rights. The State was, and still is, obligated to enforce those laws properly. The State's failure has left the Plaintiff suffering, to this day, in completely unnecessary added physical pain with true threats to her life and well-being. The State's refusal to intercede and stop the unlawful entry of fumes into Plaintiff's apartment continue to severely impact her traumatic brain injury. The Plaintiff threw up 5 times in the past week and spent another week of her life in bed because of the unlawful conditions in Plaintiff's apartment, which both the City and State have refused to address.

If there is any Summary Judgment to be made, Plaintiff would beg the Court to compel the State to actively protect the Plaintiff's Federal ADA and FHA rights with regard to her landlord and neighbor; and drop their attempts to defend their indefensible behavior on this subject thus far.

The Plaintiff needs help. And instead the State uses it's resources to further intimidate and actively fight for their right NOT to enforce the law for Plaintiff's benefit. This is ridiculous.

Therefore, if the State wishes to continue on their current path, Plaintiff respectfully begs the Court to compel the State and the City to produce the discovery items listed in the Order to Show Cause. They have chosen the path they are on… including demanding that the Court consider a Summary Judgment and demanding that Plaintiff produce evidence. That is exactly what Plaintiff seeks here.

Respectfully Submitted,

Kelly MacNeal
507 W 28th St
Apt 26D
New York, NY 10001
212-581-3223
*Pro se Plaintiff*

Cc:   **VIA ECF**

Elizabeth Anne Figueira
New York State Office of the Attorney General (28 Liberty)
28 Liberty Street, 15th Floor
New York, NY 10005
Tel.:    (212) 416-8528 Fax:   (212) 416-6009
Email: elizabeth.figueira@ag.ny.gov
*Attorney for Codefendant State of New York*

Joseph Zangrilli
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2657
jzangril@law.nyc.gov
*Attorney for Codefendant City of New York  -  Senior Counsel*

Jack McLaughlin
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov
*Attorney for Codefendant City of New York - Assistant Corporation Counsel*