**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KELLY MACNEAL,

                        Plaintiff,                              <u>**ORDER**</u>

              -against-                          **24-CV-6017 (LGS) (JW)**

STATE OF NEW YORK *et al.*,

                        Defendants.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Court is in receipt of two letters filed by Plaintiff. Dkt. Nos. 98–99. The first letter dated July 18, 2025, requests permission to upload an amended set of attachments to Plaintiff's opposition to Defendant State of New York's motion to dismiss. Dkt. No. 98. That request is **GRANTED**. Plaintiff shall file an amended list of exhibits **by August 1, 2025**. The July 18th letter also requests that this Court take judicial notice of Plaintiff's exhibits. <u>Id.</u> This Court reserves any decision on what, if any, documents it will take judicial notice of for purposes of the motions to dismiss. Lastly, the July 18th letter requests that this Court accept Plaintiff's opposition to Defendant State of New York's motion to dismiss despite violating the word limit. <u>Id.</u> That request is **GRANTED**.

      Plaintiff's letter dated July 21, 2025, informs the Court that Plaintiff's opposition to Defendant City of New York was split into two documents given its length. <u>Dkt. No. 99.</u> Plaintiff now requests permission to refile the opposition as a single document. That request is **GRANTED**. Plaintiff also requests that the Court

accept the opposition to Defendant City of New York's motion to dismiss despite it also violating the word limit.  Dkt. No. 99.  That request is **GRANTED**.

Per this Court's individual rules, should any Party file a letter motion, the other Party is given three business days to respond with their own letter.  On July 24, 2025, Plaintiff contacted this Court's chambers via phone call to inquire when this Court would rule on Plaintiff's letter motions and what rulings this Court would make.  Plaintiff has called this Court's chambers in the past as well.  As always, this Court kindly declined to provide such information and advised Plaintiff that *ex parte* conversations with the Court are not permitted.  In accordance with this Court's individual rules, today is the first date this Court could rule on Plaintiff's motions in a single order without depriving Defendants of an opportunity to respond—and the Court has now promptly made its ruling.  The Parties are reminded that the appropriate manner to correspond with the Court is by filing a letter on the docket.  Should either Party require immediate Court intervention, they must contact this Court's chambers in a joint call with all Parties to ensure no *ex parte* conversations are held.

Around 5:00 PM on July 24, 2025, Plaintiff again contacted this Court's chambers via an *ex parte* phone call.  This time, Plaintiff insisted the Court issue a ruling on her letters or else Plaintiff would file a formal complaint.  This Court reiterated to Plaintiff that it may not engage in *ex parte* communications and that an order would be issued in due time.  Plaintiff is now forewarned that any future *ex parte* phone calls to this Court's chambers will result in an immediate termination of

the call.  Moving forward, should Plaintiff encounter docketing issues or have legal

related questions, Plaintiff may call the Pro Se Intake Unit at (212) 805-0175.

SO ORDERED.

DATED:      New York, New York
            July 25, 2025

JENNIFER E. WILLIS
United States Magistrate Judge

3