Case 1:24-cv-06017-LGS-JW    Document 105    Filed 08/11/25    Page 1 of 3



**Office of the New York State Attorney General**

**Letitia James Attorney General**

December 19, 2024

**By ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York

*The Clerk of Court is respectfully directed to close the gavel at Dkt. No. 45.*

*Dated: August 11, 2025*
*New York, New York*

*LORNA G. SCHOFIELD*
*UNITED STATES DISTRICT JUDGE*

Re:     MacNeal v. The State of New York, et al. No. 24-cv-6017

Dear Judge Schofield:

The Office of the Attorney General represents the State of New York ("State"), as well as Chelsea John, Elena Perlongo, Gina Martinez, Candace Tyndall, and John Herrion, all current or former employees of the Division of Human Rights ("DHR Defendants") in the above referenced action brought by Plaintiff Kelly MacNeal ("Plaintiff"). State Defendants respectfully submit this response to the Amended Complaint ("AC") (ECF No. 37), detailing the bases of their anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (1) and (6). In her amended pleading, Plaintiff has appeared to drop her claims under the Americans with Disabilities Act (42 U.S.C. §12131 et seq.), and pursues claims under 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1985 ("Section 1985"), and 42 U.S.C. § 1986 ("Section 1986").[1]

**Sovereign Immunity Applies And Dismissal Of The Section 1983 Claim Is Appropriate**

In the Amended Complaint, Plaintiff continues to raise Section 1983 claims against the State for its "municipal liability" and against DHR Defendants in their "official capacity." ECF No. 37, ¶¶ 310-316. She seeks both compensatory and punitive damages as relief. *Id.* at ¶¶ 327-330. The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacities, absent the state's consent to suit or an express or statutory waiver of immunity. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted). "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state sovereign immunity." *Mamot v. Board of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010). Thus, this Court lacks jurisdiction to proceed.

---

[1] Plaintiffs references the ADA within the context of an "equal protection" claim, *see* ECF No. 37 at ¶ 312, and State Defendants refer to the grounds for dismissal identified in their earlier letter to the extent that that Court interprets Plaintiff as having articulated a claim under that statute. *See* ECF No. 23 at 2-3.

Litigation Bureau | 28 Liberty Street, New York NY 10005
212-416-8610 | ag.ny.gov

The Amended Complaint now also sues the DHR Defendants in their "individual capacity" pursuant to Section 1983. ECF No. 37, ¶¶ 312-313. Dismissal remains appropriate, as it is "well established that in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States." *Eagleston v. Guido*, 41 F.3d 865, 875-876 (2d Cir. 1994). "[C]onclusory, vague, or general allegations" of a constitutional violation will not suffice. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977).

In the Amended Complaint provides additional allegations about the DHR Defendants' investigation of Plaintiff's complaint filed on April 10, 2023, *see* ECF No. 37, ¶ 154, but does not allege a viable claim. Plaintiff makes a series of conclusory allegations about DHR's processing of her complaint, including allegations about the duration of the investigation and the motives of the agency overall. *Id.* at ¶¶ 38-92, 154-177, 209-282. For example, she also recounts perceived slights during conversations with DHR Defendants, claimed that John and Tyndall were "unprofessional," and that DHR overall was giving bad "vibes" to Plaintiff. *Id.* at ¶¶ 79, 158-62. She further alleges that Tyndall and John were responsible for reporting Plaintiff as a suicide threat as part of an effort to "viciously and intentionally" inflict another "traumatizing event" on Plaintiff, *see* ECF No. 37, ¶¶ 164, 178-208, even though her recounting of the event includes allegation that her building's doorman knew that she was out of her apartment just before the call to the police reporting her, *id.* at ¶ 206. Plaintiff fails to identify a constitutional violation in this summary.

Instead, Plaintiff continues to allege that "there exists a discriminatory bias at DHR which prioritizes cases that are based on race, gender, sexual orientation… to the detriment of those who are disabled…constituting a net result equivalent to discrimination against those with disabilities…." ECF No. 37, ¶ 78. *See also id.* at ¶ 82 (alleging an anti-Caucasian pedagogy); ¶¶ 277-279 (alleging anti-Caucasian discriminatory practices). She also alleges that John was once employed by New York City Commission on Human Rights ("CCHR"), and that by the fact of her former employment and Plaintiff's lawsuit against CCHR, John was incapable of treating Plaintiff fairly and had retaliated against her. *Id.* at ¶¶ 40-44. At best, these allegations are speculative and conclusory, which are insufficient to allege a Section 1983 claim.

Her allegations about disability, including through oblique and conclusory references to the ADA and the Rehabilitation Act, *see id* at ¶¶ 45, 47-48, 62-63, 70, 230-234, are also insufficient to show discrimination or violation of a constitutional right. Plaintiff appears in part to conflate her landlord's alleged failure to accommodate her disability (a "traumatic brain injury") by prohibiting smoking in adjoining units with DHR's investigation of those allegations. *Id.* at ¶¶ 50, 74, 252-265. To the extent Plaintiff alleges that she was not given sufficient time to provide evidence after invoking her disability, the Complaint reflects that extensions were given. *Id.* at ¶¶ 222-229. Ultimately, Plaintiff is dissatisfied with DHR's final determination, *id.* at ¶¶ 64, 243, 252, but has not identified either a violation of a constitutional right or a failure to provide her with due process, elements that are necessary for a viable Section 1983 claim.[2]

---

[2] Plaintiff's 42 U.S.C. § 1981 claims, *see* ECF No. 37, ¶¶ 312, 316, also fail due to a lack of racial animus and a contract. *See e.g., Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006) ("Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship.")

Hon. Lorna G. Schofield  Page 3 of 3
December 19, 2024

**Plaintiff's Section 1985 and Section 1986 Conspiracy Claims Are Subject To Dismissal**

Plaintiff also alleges Section 1985 and 1986 conspiracy claims in the Amended Complaint. ECF No. 37 at ¶¶ 310-312. Under Section 1985, a plaintiff "must allege a class-based, invidiously discriminatory animus" and "some factual basis supporting a meeting of the minds, such that [the alleged conspirators] entered into an agreement, express or tacit, to achieve the unlawful end." *Castiglione v. Papa*, 2010 WL 2044688, *13 (N.D.N.Y. 2010). "[C]laims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Mira v. Kingston*, 715 F. App'x 28, 30 (2d Cir. 2017). Section 1986 are predicated on a valid Section 1985 claims. *See Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) (outlining the standard). Here, Plaintiff fails to allege any conspiracy between the DHR Defendants and any actor outside of DHR.[3] Thus, her conspiracy claims are barred by the intracorporate conspiracy doctrine. *See Murphy v. City of Stamford*, 634 F. App'x 804, 805 (2d Cir. 2015) (affirming dismissal where defendants were all employees or agents of a city entity, the alleged conspiratorial activities pertained to and were motivated by the defendants' respective public duties, and the alleged discriminatory conduct pertains to a single act). Dismissal is therefore appropriate for the Section 1985 and 1986 claims.

**There Is No Basis For This Court To Exercise Supplemental Jurisdiction**

Plaintiff's allegations for intentional and negligent infliction of emotional distress, *see* ECF No. 37 at ¶¶ 313-314, should be dismissed. "When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis v. Dist. Of Columbia*, 138 S. Ct. 594, 597–98 (2018) (citing 28 U.S.C. § 1367(c)). As Plaintiff's federal claims are not viable, her state claims should be dismissed as well.

Thank you for your attention to these matters.

<div style="text-align:right">
Sincerely,
/s/ *Elizabeth A. Figueira*
ELIZABETH A. FIGUEIRA
Assistant Attorney General
212-416-8528
Elizabeth.Figueira@ag.ny.gov
</div>

---

[3] Plaintiff has alleged that DHR followed CCHR's finding but does not allege a conspiracy. ECF No. 37, ¶¶ 40-44.