UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY MACNEAL,

               Plaintiff,

   v.

THE STATE OF NEW YORK, THE CITY OF NEW YORK, CHELSEA JOHN, GINA MARTINEZ, ELENA PERLONGO, JOHN HERRION, CANDACE TYNDALL, ELIZABETH ORTIZ, JOHN CORDE, GREY CASTRO, CHRISTIAN ORELLANA, JOSE QUINTUNA-GUAMAN, FRANK TARSILLO AND RYAN STACK,

               Defendants.

No. 24-cv-06017 (LGS)(JW)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
STATE DEFENDANTS' MOTION TO DISMISS**

 

LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8528

ELIZABETH A. FIGUEIRA
Assistant Attorney General
   *Of Counsel*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.     Sovereign Immunity Applies to the Official Capacity Claims And The Ex Parte Young Exception Does not Apply ................................................................................ 2

II.    Plaintiff Has Withdrawn Her Section 1981 Claim ........................................................ 3

III.   Judicial Notice Is Not Warranted For The OSC Report ................................................ 3

IV.   Dismissal Is Warranted For Plaintiff's Section 1983 Claim ........................................... 4

V.    The Section 504 Claim Also Fails ................................................................................ 7

VI.   Dismissal Is Warranted For Plaintiff's Section 1985 And Section 1986 Conspiracy Claims ........................................................................................................ 8

VII.  There is No Basis for This Court to Exercise Supplemental Jurisdiction ...................... 9

CONCLUSION ............................................................................................................................... 9

Defendants the State of New York ("State") and Chelsea John, Gina Martinez, Elena Perlongo, John Herrion, Candace Tyndall, and Elizabeth Ortiz, sued in their official and individual capacities as employees of the New York State Division of Human Rights ("DHR") (the "DHR Defendants") (collectively, "State Defendants"), by and through their attorney, Letitia James, New York State Attorney General, respectfully submit this reply memorandum of law in support of their motion to dismiss Plaintiff Kelly MacNeal's ("Plaintiff") Amended Complaint, dated November 29, 2024. ECF No. 37 ("AC").

## PRELIMINARY STATEMENT

Dismissal of Plaintiff's Amended Complaint remains appropriate.[1] State Defendants' opening brief articulated multiple grounds for dismissal, and Plaintiff's opposition brief mostly reiterates aspects of her troubled relationship with her landlord and her fundamental disagreement with the DHR Order that concluded that there was "no probable cause" for her housing-related discrimination complaint.[2] Sovereign immunity still bars the official capacity claims, and Plaintiff's desire to have this Court vacate the DHR Order and award her damages makes clear that she seeks only retrospective, not prospective, relief. The Section 1983 claims are not viable because Plaintiff cannot identify a constitutional right that DHR Defendants violated through their investigation and issuance of the DHR Order. Plaintiff argues under an equal protection theory that DHR Defendants ignored evidence and failed to acknowledge her disclosed disability. The "failure" described in the Opposition, however, is that DHR did not find in her favor. Plaintiffs do not have a constitutional right to require an investigative agency to "enforce" governing statutes and regulations in their favor. To do so would give plaintiffs, including this one, a privileged status.

---

[1] On February 26, 2025, Judge Lorna G. Schofield dismissed claims similar to those alleged in the Amended Complaint in *MacNeal v. City of New York*, 23-cv-5890 (S.D.N.Y.)

[2] State Defendants' opening memorandum of law (ECF No. 77) shall be referred to as "DHR Brief" or "Br." in citation, and this reply will use the same abbreviations as utilized therein. Plaintiff's memorandum of law (ECF No. 101) shall be referred as the "Opposition."

1

Under a due process framing, Plaintiff acknowledges that she was provided with additional time to complete a filing after seeking an accommodation due to her disability. That accommodation, together with the opportunity to appeal the DHR Order, serve as the due process owed here. The DHR Brief also established that dismissal is appropriate for Plaintiff's Sections 1985 and 1986 claims because she has failed to allege the elements of either claim. For her Section 504 claim, Plaintiff mainly opposes dismissal through her arguments concerning Section 1983. She also attempts to resurrect her ADA and FHA claims through the same process. All these claims fail because the Amended Complaint does not contain any viable allegations of disability discrimination with respect to the alleged actions taken by DHR Defendants. Finally, Plaintiff does not meaningfully oppose State Defendants' argument that there is no basis for this Court to exercise supplemental jurisdiction for the state common law claims.

## ARGUMENT

### I. SOVEREIGN IMMUNITY APPLIES TO THE OFFICIAL CAPACITY CLAIMS AND THE EX PARTE YOUNG EXCEPTION DOES NOT APPLY

In the DHR Brief, State Defendants established that sovereign immunity applies to the official capacity claims. Br. at 13-14. In her Opposition, Plaintiff invokes the *Ex parte Young* exception and claims that she is seeking prospective relief, namely "an order compelling DHR to reinvestigate her complaint under proper, nondiscriminatory procedures and timelines applies, claiming that she seeks prospective injunctive relief." Opp. at 25. *See also id.* at 1, 40. Despite that statement, her Opposition otherwise makes clear that she seeks retrospective relief.

In her Prayer for Relief, she states that she "begs the Court for the injunctive relief of vacating DHR's Determination and Order, remanding Plaintiff's case for proper processing and impelling the State to meet their responsibilities to enforce both State and Federal disability law." Opp. at 41. *See also* Opp. at 7 (articulating request that the Court "vacate" the Final

2

Determination). Such relief is retrospective in nature, as this Court would be required to reject the findings in the DHR to grant such relief. *See T.W. v. New York State Bd. of L. Examiners*, 110 F.4th 71, 92 (2d Cir. 2024), *cert. denied*, 221 L. Ed. 2d 966 (May 19, 2025) (outlining the exception and holding that a declaration that an agency "violated" plaintiff's rights was retrospective in nature). The Amended Complaint does not allege any active complaint filed with DHR, and any allegations against her non-party landlord are not attributable to State Defendants. *See* Opp. at 2 (describing her health condition and the "ongoing abuse"). Thus, dismissal of the State and of all official capacity claims against the DHR Defendants is warranted.

## II.  PLAINTIFF HAS WITHDRAWN HER SECTION 1981 CLAIM

The DHR Brief set forth grounds for dismissal of the Section 1981 claim in the Amended Complaint. Br. at 14-15. In the Opposition, Plaintiff agrees that this claim "plainly fails" and should be dismissed. Opp. at 1. Given this concession, dismissal remains appropriate.

## III.  JUDICIAL NOTICE IS NOT WARRANTED FOR THE OSC REPORT

For the remainder of her claims, Plaintiff argues that the Court can take judicial notice of three exhibits attached to her Opposition: (1) an excerpt of responsibilities for recipients of the Fair Housing Assistance Program ("FHAP") funds; (2) a May 7, 2018 memorandum with "Guidance" for FHAP Assistance; and (3) a Report 2023-S26 issued by the Office of the State Comptroller ("OSC Report"). Opp. at 4-6; ECF No. 101-1. For Exhibits 1-2, judicial notice is not necessary, though the documents themselves are uncontroversial. Exhibits to the DHR Brief shows the correspondence from HUD concerning Plaintiff's complaint. *See* ECF No. 76 (Exhibits 1-2, 7). Plaintiff's ancillary remarks about the contract between HUD and DHR do not show that she has a viable claim under theories of disability discrimination, equal protection, or due process. For instance, she highlights the "Responsibilities of FHAP Recipients" and the "Complaint "Processing" sections and then infers without case law that there is an "'enforcement' expectation

3

with the receipt of funding." Opp. at 3-4, 28-29. Elsewhere in the Opposition, and in the Amended Complaint, Plaintiff specifies that this "expectation" is to agree with her allegations, find in her favor, and provide her with the relief requested. *Id.* at 3, 19-20, 23, 26-27.

As for the OSC Report, judicial notice is inappropriate because the Amended Complaint makes no reference to its existence. As outlined in the DHR Brief, "the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken.'" *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) (cited in Br. at 11). Whether Plaintiff was aware of the OSC Report or not, it is also irrelevant on its fact to Plaintiff's claims. *See* ECF No. 101-1 at 47-87. The OSC Report examined cases that were closed between April 1, 2019 and October 31, 2023. Opp., Ex. 3 at 17. After the referral from HUD, Plaintiff filed her DHR Complaint June 6, 2023, ECF No. 76-4 (copy of Plaintiff's complaint), and the DHR Order was issued May 10, 2024, ECF No. 76-8. Consideration of the OSC Report through judicial notice is therefore not appropriate.

### IV. DISMISSAL IS WARRANTED FOR PLAINTIFF'S SECTION 1983 CLAIM

The DHR Brief outlined the grounds for dismissal of Plaintiff's Section 1983 claims. Br. at 15-17. The Opposition jumbles the case law for the various statutes that permit suit for disability discrimination, include Section 1983, Section 504, ADA and FHA, *see* Opp. at 27-34, 37-40. This reply will attempt to sort her theories and cases logically.

As for her equal protection theory, *see* Opp. at 30, Plaintiff repeats standards but does not establish that DHR Defendants acted in violation of her constitutional rights.[3] Rather, Plaintiff believes that the agency acted with "negligence and ineptitude" towards her claim, Opp. at 6, that her interaction with DHR "was so grossly negligent, incompetent, and even intentional cruel,"

---

[3] Plaintiff cites to *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985) for the general proposition. The quote appears one page earlier (339) than the cited page.

4

Opp. at 8-9, that DHR employees engaged in "arrogant and irresponsible behavior," Opp. at 10, and that personnel operate with only "half a brain." Opp. at 11-12.

None of these comments, which augment similar ones in the Amended Complaint, support an inference that DHR Defendants acted with discriminatory animus towards Plaintiff based on her disability or investigated the DHR Complaint in a manner differently because she was disabled or white. *See* Br. at 16. Other than the request for additional time to complete a rebuttal, which was granted, the Amended Complaint does not allege any requests for reasonable accommodation relating to the DHR's investigation. Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," and therefore "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). In an administrative context, there is "no constitutional right to an investigation by government officials." *Bal v. City of New York*, No. 94-cv-4450 (JSM), 1995 WL 46700, at *2 (S.D.N.Y. Feb. 7, 1995), *aff'd*, 99 F.3d 402 (2d Cir. 1995) (dismissing claim where plaintiff alleged that the City of New York failed to investigate his claim of wrongdoing) (internal citation omitted). Finally, the Amended Complaint does not allege that Plaintiff's "disability made it difficult in any way for her to access benefits… that were available to similarly situated persons who were not disabled." *See Tardif v. City of New York*, 991 F.3d 394, 405 (2d Cir. 2021) (quote cleaned up).

Plaintiff's reliance on *Castle Rock v. Gonzales*, 545 U.S. 748 (2005), does not support her claim, which even she partially recognizes. Opp. at 28. Plaintiff acknowledges that the holding is unhelpful concerning restraining orders, *see* 545 U.S. at 767-68, but then speculates that she has a property right in DHR's enforcement process and claims that DHR "clearly applied its enforcement process selectively and arbitrarily… to harass or disadvantage people with

5

disabilities." Opp. at 28. There are no well-pled allegations in the Amended Complaint, and the OSC Report (even if it applied to the correct period), offers no support for that contention. It does not mention anywhere that individuals with disabilities were treated differently. Plaintiff's Section 1983 equal protection claim is therefore appropriate for dismissal.

Pivoting to her due process theory under Section 1983, Plaintiff attempts to rely on HUD regulations. Opp. at 4. But HUD's delegation to DHR does not compel that agency to agree with Plaintiff regarding her allegations. Plaintiff claims that she was denied due process but believes that the only appropriate outcome of that process is finding in her favor and compelling certain actions from her landlord. *Id.* at 1, 9-10, 12-16. Process does not entitle a party to the relief requested or even a right to dictate the manner by which an investigation is conducted. *See Bal*, 1995 WL 46700, at *2 (rejecting argument that plain had an "entitlement" to an investigation by the defendant).

Plaintiff's reliance on *O'Bannon v. Town Ct. Nursing Ctr.*, Opp. at 29, fails because that case dealt with due process requirements within Medicaid provisions, not Section 1983, Section 504, or the ADA. 447 U.S. 773, 787 (1980). The *Mathews v. Eldridge* decision also does not support Plaintiff's argument that she has a viable due process claim. Opp. at 22 (citing 424 U.S. 319 (1976)). The holding explains that an evidentiary hearing was not required prior to termination of disability benefits, and that the present administrative procedures for such termination fully comport with due process. *Mathews*, 424 U.S. at 328. The court also noted the disabled individual failed to seek reconsideration of initial determination denying benefits, *id*. at 330, which is like Plaintiff's failure to appeal the DHR.[4] Br. at 7-8.

---

[4] Plaintiff also could have challenged the DHR Order pursuant to Article 78 of the Civil Procedure Law and Rules. *See* C.P.L.R. § 7803 (noting that a proceeding may question "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion…")

6

Having failed to articulate a viable violation of a due process right that would support a Section 1983 claim, dismissal remains warranted.

## V.     THE SECTION 504 CLAIM ALSO FAILS

In the DHR Brief, State Defendants explained the bases for dismissal of Plaintiff's Section 504 claim. Br. at 20. The Opposition frames the standard to be applied as one for "arbitrary and capricious," Opp. at 38, but does not provide case law to support this position. The *Alexander v. Choate* decision, *see* Opp. at 27, simply discusses the parameters of "meaningful access" under Section 504 and concludes there was no violation of that statute when Tennessee reduced the number of inpatient days reimbursable in the Medicaid program from 20 to 14.[5] *See* 469 U.S. 287, 302-303 (1985). As for Plaintiff's argument that DHR's enforcement powers mandated action under Section 504, *see* Opp. at 28, the decision in *Se. Cmty. Coll. v. Davis*, 442 U.S. 397, 413 (1979) does not show that Plaintiff has alleged a viable Section 504 claim. The court held that the school's "unwillingness to make major adjustments in its nursing program does not constitute such discrimination." *Id.* The court further stated that "Section 504 imposes no requirement upon an educational institution to lower or to effect substantial modifications of standards to accommodate a handicapped person." *Id*. Analogizing to Plaintiff's allegations, there is no mandate that State Defendants use their "enforcement" powers to issue an order in Plaintiff's favor – an order that would eliminate their discretionary investigatory powers set forth in regulations. Br. at 3.

Plaintiff also attempts to recast her Section 504 claims as one related to access to the courts, relying on the Supreme Court's decision in *Tennessee v. Lane*, 541 U.S. 509 (2004) for support. Opp. at 30, 34. The Amended Complaint makes no relevant allegations in this vein but rather reflects that the DHR Order was issued through an *administrative* process, and Plaintiff failed to

---

[5]     The purported quote from this case does not exist. The "*Doe*" case, cited on Opp. at 28, also does not appear to exist, and the citation retrieves a Sixth Circuit case with a different name.

avail herself of an appeal. AC ¶¶ 59, 248, 260, 265, 275-276 (discussing the DHR Order); Opp. at 34-35 (arguing the futility of an appeal). The Second Circuit recently rejected a similar effort to recast a disability discrimination as one with "an access-to-courts angle" when there were no allegations that could be understood from this perspective. *T.W. v. New York State Bd. of L. Examiners*, 110 F.4th 71, 84–85 (2d Cir. 2024), *cert. denied*, 221 L. Ed. 2d 966 (May 19, 2025) (affirming dismissal of ADA claim where a bar applicant argued that a barrier to a law license was not a violation of a constitutional right to access the courts). Dismissal therefore remains warranted for the Section 504 claim.

## VI. DISMISSAL IS WARRANTED FOR PLAINTIFF'S SECTION 1985 AND SECTION 1986 CONSPIRACY CLAIMS

The DHR Brief sets forth the grounds to dismiss Plaintiff's Section 1985 and Section 1986 conspiracy claims. Br. at 18-19. In the Opposition, Plaintiff continues to claim that John, Tyndall, and Perlongo "conspired to convince Plaintiff that they had no enforcement powers and were merely an investigative body." Opp. at 3. The allegations in the Amended Complaint, and the log of emails, however, do not support the inference of an agreement to violate Plaintiff's constitutional rights. *See* AC ¶¶ 38-92, 154-177, 209-282. The Opposition continues to criticize the DHR Defendants, but those allegations do not demonstrate "a showing of class-based invidiously discriminatory animus" on the part of the conspiring parties. *Hickey v. City of N.Y.*, No. 01-CV-6506, 2004 WL 2724079, at *22 (S.D.N.Y. Nov. 29, 2004), *aff'd*, 173 F. App'x 893 (2d Cir. 2006). As noted, Plaintiff's criticism of DHR Defendants is not rooted in constitutional rights or even reference disability, but rather reflect a disagreement with the substance of the DHR Order. *Supra* at 4-5.

Without animus and without some factual basis supporting a claim there was a meeting of the minds to discriminate against Plaintiff, her Section 1985 claims must be dismissed. As a

Section 1986 claim depends upon a viable Section 1985 claim, dismissal of that claim remains appropriate.

### VII. THERE IS NO BASIS FOR THIS COURT TO EXERCISE SUPPLEMENTAL JURISDICTION

The DHR Brief explained the grounds for this Court not to exercise supplemental jurisdiction over Plaintiff's common law claims.[6] Br. at 20-21. Plaintiff newly claims that New York "affords an independent right of action against DHR for 'refusal to act' on a complaint." Opp. at 40. N.Y. Exec. Law 297(10) does not contain that language but articulates the circumstances under which attorney's fees may be awarded. Further, the case cited by Plaintiff to support this "claim" does not appear to exist. *See* Opp. at 40 (citing a New York "*Sutherland*" case). Thus, it is appropriate for the common law claims to be dismissed without prejudice.

### CONCLUSION

For the foregoing reasons, State Defendants' motion to dismiss should be granted. The Court should award such other and further relief as it deems proper.

Dated:  New York, New York  
       August 15, 2025

LETITIA JAMES  
Attorney General  
State of New York

   /s/Elizabeth A. Figueira  
ELIZABETH A. FIGUEIRA  
Assistant Attorney General  
28 Liberty Street  
New York, New York 10005  
Tel: (212) 416-8528  
elizabeth.figueira@ag.ny.gov  
*Attorney for State Defendants*

---

[6] Given their cursory presentation in the Amended Complaint, *see* AC ¶¶ 315, 324, Plaintiff also fails to allege any viable claims.

9

**CERTIFICATION PURSUANT TO CIVIL RULE 7.1(c) OF THE JOINT LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE <u>SOUTHERN AND EASTERN DISTRICTS OF NEW YORK</u>**

The undersigned certifies that, using the Microsoft Word feature called "Word Count" and excluding the cover page, captions and signature block, State Defendants' Reply Memorandum of Law in Support of Their Motion To Dismiss Plaintiff's Amended Complaint, dated August 15, 2025, contains **2,913** words, under the **3,500** word limit.

Dated:  New York, New York
August 15, 2025

LETITIA JAMES
Attorney General
State of New York

   /s/Elizabeth A. Figueira
ELIZABETH A. FIGUEIRA
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel: (212) 416-8528
elizabeth.figueira@ag.ny.gov
*Attorney for State Defendants*