EXHIBIT A
PROPOSED SUR–REPLY MEMORANDUM OF LAW IN OPPOSITION TO CITY
DEFENDANTS' REPLIES (DKT. 107 & 108)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KELLY MACNEAL,                                              :
                                                            :  Case No. 1:24-cv-06017 (LGS) (JW)
        Plaintiff,                                      :
                                                            :
                                                            :  PROPOSED SUR-REPLY
  -against-                                                :  MEMORANDUM OF LAW IN
                                                            :  OPPOSITION TO CITY AND STATE
CITY OF NEW YORK, STATE OF NEW YORK,                        :  DEFENDANTS' REPLIES
et al.,                                                     :  (DKT. 107 & 108)
        Defendants.                                     :
------------------------------------------------------------x

INTRODUCTION

Plaintiff submits this short sur-reply in response to new matters raised for the first time in Defendants' Reply Memoranda (Dkt. 107 & 108). Defendants' Replies (1) asserts that Plaintiff cited "nonexistent" authorities; (2) characterizes Plaintiff's Opposition as relying on "fabricated" cases and invokes recent decisions addressing AI-generated hallucinations; and (3) reiterates legal arguments about Monell liability not advanced in their opening brief. Because these matters were first presented in reply and some are materially inaccurate, Plaintiff provides this limited response to correct the record and supply accurate, on-point authority. Plaintiff also wishes to apologize to the Court. She has been denied a request for pro bono representation despite her poverty and having a head injury as part of her disability. For this reason, Plaintiff has been forced to rely on Artificial Intelligence to aid her pursuit of justice. Plaintiff was not intentionally negligent, careless or deceitful in constructing her opposition brief. As a matter of fact, it was passed through the Pro Se Clinic and approved by the lawyers there, who read through it. Plaintiff had no idea that there was a problem and, assuredly, had no intention to mislead the Court or "fabricate" anything.

ARGUMENT

I. A SUR-REPLY IS WARRANTED BECAUSE DEFENDANTS RAISED NEW ALLEGATIONS IN REPLY

Sur-replies are permitted where a reply brief raises new arguments or evidence. Trinity v. Lederle Labs., 657 F. Supp. 1212, 1215 (S.D.N.Y. 1987). Defendants' characterization of Plaintiff's opposition as relying on "nonexistent" or "fabricated" authorities and their reliance on certain recent cases concerning AI misinformation were not presented in their opening brief; Plaintiff therefore respectfully requests leave to respond.

II. THE CHALLENGED CITATIONS ARE NOT EVIDENCE OF FABRICATION; PLAINTIFF WITHDRAWS TECHNICALLY IMPRECISE CITATIONS AND SUBSTITUTES READILY AVAILABLE AUTHORITIES

Defendants identify three citations they contend "do not appear to exist." Plaintiff withdraws any technically defective citations and provides the following accurate authorities that support the propositions advanced in Plaintiff's Opposition.

A.   Pattern or Custom — Multiple Incidents Against the Same Individual Can Be Probative
- Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123–24 (2d Cir. 1991) (noting that repetitive conduct by municipal actors may be probative of an official custom or policy).
- Batista v. Rodriguez, 702 F.2d 393, 397–98 (2d Cir. 1983) (finding that multiple instances of comparable misconduct by municipal employees can support municipal liability).
- Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 478 (2d Cir. 2002) (discussing inference of municipal policy from patterns and practices).

B.   Failure to Train/Policy Based on Repeated Incidents Involving the Same Plaintiff
- Connick v. Thompson, 563 U.S. 51, 61–62 (2011) (explaining that establishing municipal liability for failure to train typically requires a showing of deliberate indifference, though pattern evidence is relevant).
- Vann v. City of New York, 72 F.4th 38, 59–60 (2d Cir. 2023) (discussing municipal liability standards in recent Second Circuit precedent).

C.   Standards Relating to Civil Commitment and Arrest
- Addington v. Texas, 441 U.S. 418, 424–26 (1979) (describing standards for civil commitment and evidentiary burdens).
- Tucker v. City of New York, 704 F. Supp. 2d 347, 353–55 (S.D.N.Y. 2010) (discussing interactions between civil commitment procedures and law enforcement responses).

Plaintiff respectfully notes these authorities are offered to replace any imprecise or inadvertently mis-cited cases in Plaintiff's Opposition; they demonstrate that there is competent legal grounding for the propositions Plaintiff advanced.

III.   DEFENDANTS' ACCUSATION OF "FABRICATION" IS IMPROPER WITHOUT NOTICE AND OPPORTUNITY TO RESPOND
Defendants' Reply repeatedly characterizes Plaintiff's citations as "fabricated" and cites cases addressing AI-generated hallucinations. Those are serious accusations that, if pursued, require the procedures of Rule 11 and an opportunity to respond. Defendants have not filed any motion for sanctions; they instead ask the Court to treat the allegation as a basis for dismissal. That approach is improper. At the pleading stage, the Court should not dismiss claims based on unproven assertions that certain citations were fabricated, particularly where Plaintiff withdraws any technically defective citations and provides accurate substitutes.

IV.   PLAINTIFF'S AMENDED COMPLAINT PLAUSIBLY ALLEGES MONELL CLAIMS
Even accepting Defendants' statements about applicable law, Plaintiff's Amended Complaint contains sufficient factual allegations to state plausible municipal liability claims. The complaint alleges multiple incidents and factual detail permitting the reasonable inference that the municipal policy, practice, or deliberate failures in training or

supervision were a moving force behind the constitutional violations alleged. See Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Defendants' Reply does not introduce authority that cures the factual deficiencies required for dismissal at the pleading stage.  Defendants also make demonstrably untrue inferences about Plaintiff's demeanor.  In fact their own quoted criteria for assessing someone under the Mental Hygiene Law § 9.41 requires someone to "appear to me mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others."  This criteria was never met; and that fact is evident in video evidence which should be left to a jury to decide.  Also, Defendant's attempt to compare the circumstances in this case to those in the related case, MACNEAL I, is inappropriate.  The prior incident revolved around a sarcastic email.  The most recent incident lacked even the pretense of a legitimate provocation.  The hearsay report on which they were acting was completely baseless and therefore, should have been overridden by proper assessment at the scene, where the Plaintiff, in fact, showed no sign of mental illness or a risk of harm to herself or others.

V.  SOVEREIGN IMMUNITY DOES NOT BAR PLAINTIFF'S REQUEST FOR PROSPECTIVE RELIEF

State Defendants repeatedly characterize Plaintiff's remedies as purely retrospective. That is incorrect. While Plaintiff requests vacatur and remand as one remedy, she also expressly seeks an order compelling DHR to reinvestigate her complaint under proper nondiscriminatory procedures and to implement corrective measures to ensure future compliance with federal disability laws, relief that would prevent future harms and therefore qualifies as prospective injunctive relief under Ex parte Young. See Ex parte Young, 209 U.S. 123 (1908); Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (distinguishing prospective injunctive relief from retrospective relief); and cases recognizing that orders requiring agencies to follow lawful procedures or to correct ongoing policies are prospective. T.W. v. N.Y. State Bd. of Law Exam'rs, 110 F.4th 71 (2d Cir. 2024), does not foreclose Plaintiff's Ex parte Young claim because it addressed a different remedy (a declaration that past agency conduct violated rights) and the particular facts there. Here, Plaintiff demands prospective corrective relief directed at DHR's investigation and procedures, relief squarely cognizable under Ex parte Young.

VI.  THE AC ADEQUATELY ALLEGES ONGOING CONDUCT AND DISCRETIONARY POLICIES THAT CAN BE ENJOINED

State Defendants' framing that Plaintiff merely complains about past interactions with a non-party landlord ignores allegations that DHR's investigative practices, policies, and enforcement decisions (and the absence of adequate procedures and training) are ongoing and have continuing impact on Plaintiff and similarly situated individuals. Courts routinely permit injunctive relief where an agency's procedures and practices are challenged as deficient or discriminatory. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102–03 (1983) (standing requires a real and immediate threat of future injury); where plaintiff alleges ongoing policy or practice and requests prospective relief, Ex parte Young applies.

3

VII.   JUDICIAL NOTICE OF THE OSC REPORT IS APPROPRIATE OR, IN THE ALTERNATIVE, SHOULD BE CONSIDERED ON THE MERITS

State Defendants argue the OSC Report cannot be judicially noticed because it was not pled. The Report is a public government document of which the Court may take judicial notice for its existence and general findings. See Fed. R. Evid. 201(b)(2); In re N.Y.C. Policing During Protests Litig., 509 F. Supp. 3d 107 (S.D.N.Y. 2020) (taking judicial notice of government reports). Even if the Court declines judicial notice, the OSC Report is relevant to Plaintiff's claims about systemic investigatory shortcomings and may be considered on a motion to dismiss where it is attached to the Opposition as an exhibit and relied upon by Plaintiff. See Hu v. City of New York, 927 F.3d 81, 88 (2d Cir. 2019) (courts may consider documents incorporated by reference or integral to the pleadings).  It is also crucial that Plaintiff's multiple complaints to the IG likely helped spur the underlying investigation that produced the report in the first place.  The investigation began around a month after Plaintiff's second tearful call to the IG's office and an angry call to the Governor's office.

VIII.   PLAINTIFF DOES NOT LACK STANDING TO CHALLENGE DHR'S PRACTICES

State Defendants rely on Linda R.S. and Bal to assert a lack of cognizable interest in a government investigation. Those cases do not control where, as here, Plaintiff alleges that DHR's deficient procedures and selective enforcement caused concrete injuries to her statutory and constitutional rights and where she seeks prospective relief to remedy ongoing agency practices. Linda R.S. addressed criminal prosecution interests; Bal involved distinct administrative circumstances. Plaintiff has alleged an injury fairly traceable to DHR's actions and seeks relief that redresses that injury.

IX.     SECTION 1983, SECTION 504, ADA, AND EQUAL PROTECTION THEORIES  ARE ADEQUATELY PLEADED AT THE DISMISSAL STAGE

State Defendants conflate pleading standards with merits. The Amended Complaint alleges specific facts showing DHR's handling of Plaintiff's complaint was arbitrary, procedurally deficient, and it identifies systemic and policy-level deficiencies that plausibly give rise to Monell liability and violations of the ADA/Section 504 and the Equal Protection Clause. Monell v. Dep of Soc. Servs., 436 U.S. 658 (1978); City of Canton v. Harris, 489 U.S. 378 (1989); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113 (2d Cir. 2004). Whether those allegations are sufficient is a merits inquiry inappropriate for resolution at the pleading stage.

X.    SECTION 1985/1986 CLAIMS ARE NOT PROPERLY DISMISSED ON THE PRESENT RECORD

State Defendants claim Plaintiff has failed to plead class-based, invidious discriminatory animus or a meeting of the minds. The Amended Complaint pleads multiple communications and coordinated actions by named officials regarding the handling of Plaintiff's complaint and alleges the selective application of investigatory practices. Those allegations are sufficient to require discovery into the existence of an agreement and discriminatory intent; dismissal is premature.

4

XI.     SUPPLEMENTAL JURISDICTION AND COMMON-LAW CLAIMS

If the Court dismisses all federal claims, Plaintiff requests leave to amend or that the Court dismiss common-law claims without prejudice. Plaintiff's citations to state statutory remedies are accurately quoted in context, and if further clarification of state-law authorities is necessary Plaintiff will supply verifiable citations. Plaintiff does not rely solely on erroneously AI produced citations and nonexistent New York decisions.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to accept this sur-reply and consider the corrected authorities and arguments provided herein. Plaintiff further requests that Defendants' motions to dismiss be denied, or in the alternative, that the Court defer ruling pending limited discovery on municipal liability issues.

Dated: August 26, 2025
New York, New York                                                          Respectfully Submitted,

                                                                            Kelly MacNeal
                                                                            507 W 28th St
                                                                            Apt 26D
                                                                            New York, NY 10001
                                                                            212-581-3223
Cc:    **VIA ECF**                                                          *Pro se Plaintiff*
       Elizabeth Anne Figueira
       New York State Office of the Attorney General (28 Liberty)
       28 Liberty Street, 15th Floor
       New York, NY 10005
       Tel.:    (212) 416-8528 Fax:   (212) 416-6009
       Email: elizabeth.figueira@ag.ny.gov
       *Attorney for Codefendant State of New York*

       Joseph Zangrilli
       New York City Law Department
       100 Church Street
       New York, NY 10007
       (212) 356-2657
       jzangril@law.nyc.gov
       *Attorney for Codefendant City of New York  -  Senior Counsel*

       Jack McLaughlin
       New York City Law Department
       100 Church Street
       New York, NY 10007
       (212) 356-2670
       jmclaugh@law.nyc.gov
       *Attorney for Codefendant City of New York - Assistant Corporation Counsel*

5