UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KELLY MACNEAL,

                      Plaintiff,

-against-

STATE OF NEW YORK *et al.*,

                      Defendants.
------------------------------------------------------------------X
KELLY MACNEAL,

                      Plaintiff,

-against-

CITY OF NEW YORK *et al.*,

                      Defendants.
------------------------------------------------------------------X

**ORDER**

**24-CV-6017 (LGS) (JW)**

**ORDER**

**23-CV-5890 (LGS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is now in receipt of Plaintiff's reply to Defendants' opposition of motion for leave to file sur-reply at Dkt. No. 114 (24-cv-6017). Plaintiff's reply was sent to the Court prior to the issuance of the court order at Dkt. No. 113, but did not appear on the docket until after the order was entered. The Court has since reviewed Plaintiff's reply. Nothing in that submission alters the Court's prior decision. Plaintiff's request to file a sur-reply is therefore **DENIED**.

Plaintiff's letter also requests the Court to reconsider its ruling denying Plaintiff's request to compel Defendant City of New York to identify and supply service addresses for the FDNY EMTs in related case 23-cv-5890 at Dkt. No. 60. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc._, 70 F.3d 255, 257 (2d Cir.1995) (citations omitted).  Because Plaintiff proceeds *pro se*, her submissions are liberally construed "to raise the strongest arguments that they suggest." Barnes v. City of New York, 68 F.4th 123, 127 (2d Cir. 2023).  Nonetheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." United States v. Starling, 76 F.4th 92, 99 (2d Cir. 2023).

Plaintiff's assertions in her August 29 letter that the EMTs "were involved in medical treatment of the Plaintiff" and were "witnesses to the entire incident in question" does not alter the Court's order denying Plaintiff's request to compel the identity of the EMTs. See Dkt. No. 114 (24-cv-6017); Dkt. No. 62 (23-cv-5890).  First, Plaintiff fails to plead in her amended complaint that the EMTs witnessed or were involved in her medical treatment during the incident.  Notably, Plaintiff's only allegation as to EMTs in her amended complaint was that they "refused to be dissuaded from forcing Plaintiff to be taken for a psychological evaluation." See Dkt. No. 29, ¶ 133 (23-cv-5890).[1]  As such, the identity of the EMTs has no relevance to Plaintiff's failure-to-accommodate claim under the Americans with Disabilities Act

---

[1] Although Plaintiff alleged that "[d]ozens of people in the building saw [her] being taken away and are still weary of [her] in the hallways," Plaintiff makes no mention of any EMT personnel. See id. at ¶ 164.

or her racial discrimination claims. Plaintiff's request to reconsider this Court's previous discovery order at Dkt. No. 62 for case 23-cv-5890 is **DENIED**.

    SO ORDERED.

DATED:   New York, New York
             September 8, 2025

                                            JENNIFER E. WILLIS
                                            United States Magistrate Judge