

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 Church Street
NEW YORK, NY

**JOHN MCLAUGHLIN**

> The request for a conference is **DENIED.** The request for a briefing schedule is **GRANTED.** Defendant's motion is due November 3, 2025. Plaintiff's opposition is due December 19, 2025. Plaintiff's reply is due January 2, 2025.
> SO ORDERED.
>
> *Jennifer E. Willis*
> JENNIFER E. WILLIS
> UNITED STATES MAGISTRATE JUDGE
> October 21, 2025

**BY ECF**
Honorable Jennifer Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Kelly MacNeal v. State of New York, et al.</u>, 24 Civ. 6017 (LGS)(JW)

Your Honor:

I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Defendants the City of New York, Chandler Castro, John Corde, Christian Orellana, Jose Quintuna-Guaman, Ryan Stack, and Frank Tarsillo in the above-referenced matter.[1] By this letter motion, Defendant Tarsillo respectfully requests dismissal of Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(5) for insufficiency of service of process and FED. R. CIV. P. 4(m) for failure to effect timely service.

**Procedural History**

Plaintiff commenced this action on August 1, 2024. (ECF No. 1). The Court subsequently issued a *Valentin* Order requiring the City to identify and provide service addresses for John Doe defendants, including EMT Frank Tarsillo, to which the City responded on October 7, 2024. (ECF Nos. 7, 17). The Court then issued summonses for the defendants, including Frank Tarsillo, on October 8, 2024. (ECF No. 18). Plaintiff subsequently filed an Amended Complaint on November 29, 2024. (ECF No. 37). On December 4, 2024, this Court issued summonses for all defendants for the Amended Complaint and provided the United States Marshals Service with the necessary paperwork to effect service. (ECF No. 38). Pursuant to Rule 4(m), Plaintiff's deadline to serve the Amended Complaint was March 4, 2025. (*See id.*). In its December 4, 2025 Order of Service, the Court explicitly warned Plaintiff: "If the Amended Complaint is not served on Defendants within 90 days after the date that summonses for those defendants have issued, Plaintiff

---

[1] John Corde appears on the docket as "John Cordero," Jose Quintuna-Guaman appears on the docket as "Jose Quintuana-Guaman," and Frank Tarsillo appears on the docket as "Frank Tarisillo." This filing uses the correct spellings as originally provided in the City's *Valentin* response. (ECF No. 17).

should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 60 (2d Cir. 2012)." (*Id.*). Despite this explicit judicial warning, Plaintiff failed to serve Defendant Tarsillo within the prescribed period and never requested an extension of time. Service on Defendant Tarsillo was not effectuated until September 19, 2025—over six months after the Rule 4(m) deadline expired.

### Dismissal Is Compelled under Federal Rule of Civil Procedure 12(b)(5)

"'Federal Rule of Civil Procedure Rule 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Federal Rule of Civil Procedure 4(m).'" *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp.3d 428, 442 (S.D.N.Y. 2016) (M.J. Moses) (internal citations omitted). Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The plaintiff bears the burden of demonstrating good cause for any failure to effect timely service. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

The Second Circuit's holding in *Meilleur v. Strong* is directly controlling and mandates dismissal. 682 F.3d 56 (2d Cir. 2012). In *Meilleur*, the Court affirmed dismissal where a pro se plaintiff proceeding *in forma pauperis* failed to notify the district court of her reliance on the Marshals Service and failed to request an extension despite delays. 682 F.3d at 63. The Court established an unambiguous standard: "If a plaintiff proceeding *IFP* chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so." *Id.*

Plaintiff received explicit judicial warning citing *Meilleur* and instructing on the necessity of requesting extensions. (ECF No. 38). During the six-month period following the expiration of the service deadline, Plaintiff filed numerous documents with the Court—including motions for extensions on other matters (ECF Nos. 30, 31, 34, 80)—yet never once addressed Defendant Tarsillo's service status or requested an extension of time for service. Plaintiff's demonstrated capability to request extensions for other deadlines establishes that the failure here constitutes inexcusable neglect rather than inadvertence.

Recent Second Circuit precedent confirms that such failures mandate dismissal. In *Hamza v. Yandik*, the Court affirmed dismissal even where the Marshal Service contributed to the delay, because the plaintiff "should have 'advise[d] the district court that [he was] relying on the Marshals to effect service and request[ed] a further extension of time for them to do so.'" 2025 U.S. App. LEXIS 4021, *5 (2d Cir. 2025) (quoting *Meilleur*, 682 F.3d at 63). Similarly, in *Cassano v. Altshuler*, dismissal was warranted where plaintiffs "did not move for an enlargement of time or expressly request an extension in their opposition papers," despite having "been on notice for substantial period of time that their method of service . . . could be defective." 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016).

The prejudice to Defendant Tarsillo is manifest and substantial. As articulated in *Vaher v. Town of Orangetown*, "extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants." 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013); citing *Zapata*, 502 F.3d at 197–98. Here, the six-month delay has resulted in the expiration of the applicable statute of limitations for Plaintiff's state law claims, compelling Defendant Tarsillo to defend time-barred claims. *See* New York General Municipal Law § 50-i(1) (any tort action against a city, or "any officer, agent, or employee thereof . . . shall be commenced within one year and ninety days after the happening of the event upon which the claim is based[.]"); *accord* N.Y. C.P.L.R. § 217-a; *see also Campbell v. City of N.Y.*, 4 N.Y.3d 200, 202 (2005) ("[General Municipal Law §] 50-i sets forth a statute of limitations[.]"). Moreover, as recognized in *Barbosa v. City of New York*, prejudice "arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." 2018 U.S. Dist. LEXIS 165540, at *9 (E.D.N.Y. Sept. 26, 2018).

Plaintiff's failure to serve Defendant Tarsillo or request any extension, despite explicit judicial warning citing *Meilleur* and demonstrated capability to seek extensions for other matters, constitutes precisely the type of inexcusable neglect that precludes a finding of good cause. *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 405 (S.D.N.Y. 2020) (dismissal warranted where plaintiff "did not make any effort to timely serve . . . or to ask for a waiver" despite "actual knowledge of the looming . . . deadline.").

**Relief Requested**

For the foregoing reasons, Defendant Tarsillo respectfully requests that this Court dismiss Plaintiff's Amended Complaint as against Defendant Tarsillo pursuant to FED. RS. CIV. P. 12(b)(5) and 4(m) for failure to effect timely service. The six-month delay, coupled with Plaintiff's complete failure to request any extension despite explicit judicial warning, compels dismissal as a matter of law.

In the event that the Court wishes to schedule a conference on this issue, Plaintiff has indicated her availability on the following dates:

- November 7, 2025
- November 11, 2025

Should the Court deem a conference unnecessary, City Defendants and Plaintiff jointly propose the following briefing schedule:

- Plaintiff to oppose by December 19, 2025
- Defendant's reply, if any, due by January 2, 2025

Defendant Tarsillo thanks the Court for its time and consideration of this request.

Respectfully Submitted,

*John McLaughlin /s/*
John McLaughlin
Attorney for Defendants City,
   Castro, Corde, Orellana,
   Quintuna-Guaman, Stack,
   and Tarsillo
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA ECF AND E-MAIL**
Kelly MacNeal
507 W 28th Street
Apt. 26D
New York, NY 10001
Email: Macnificent2016@gmail.com
*Plaintiff Pro Se*

Elizabeth Anne Figueira
New York State Office of the Attorney General (28 Liberty)
28 Liberty Street, 15th Floor
New York, NY 10005
(212) 416-8528
Fax: (212) 416-6009
Email: elizabeth.figueira@ag.ny.gov
*Attorney for Codefendants*