24 Civ. 6017 (LGS) (JW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY MACNEAL,

                                                                     Plaintiff,

-against-

STATE OF NEW YORK, et al.,

                                                                     Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TARSILLO'S MOTION TO DISMISS THE AMENDED COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City, Castro, Corde, Orellana, Quintuna-Guaman, Stack, and Tarsillo*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: John McLaughlin*
*Tel:  (212) 356-2670*
*Matter No.:  2024-075841*

**PRELIMINARY STATEMENT**

Plaintiff's claims against Defendant EMT Frank Tarsillo should be dismissed. The Court expressly warned Plaintiff that, if service could not be accomplished within the Rule 4(m) period, she was required to request an extension; nevertheless, she neither served Mr. Tarsillo by the deadline nor sought additional time, and service was not effected until more than six months after the deadline expired. During that same period, Plaintiff demonstrated her ability to seek relief from the Court by requesting extensions on other matters, yet never addressed service on Mr. Tarsillo. On these undisputed facts, dismissal under Rule 12(b)(5) for untimely and insufficient service is required.

In all other respects, Defendant Tarsillo joins, adopts, and incorporates the City Defendants' pending Rule 12(b)(6) motion. The same allegations and legal theories asserted against the City Defendants are pleaded against Mr. Tarsillo, and the arguments for dismissal—including the constitutional, statutory, and state-law grounds—apply with equal force to him. The motion should therefore be granted in full as to Defendant Tarsillo.

**BACKGROUND**

Plaintiff commenced this action on August 1, 2024. (ECF No. 1.) Following the City's *Valentin* response, the Court directed issuance of summonses and delivery of service paperwork to the U.S. Marshals Service; summonses for the originally named defendants, including Tarsillo, issued on October 8, 2024. (ECF No. 18.) Plaintiff filed an Amended Complaint on November 29, 2024. (ECF No. 37.) On December 4, 2024, the Court issued an Order of Service, directed that summonses issue on the Amended Complaint, and provided the U.S. Marshals Service the necessary paperwork to effect service. (ECF No. 38.) Under Rule 4(m), Plaintiff's deadline to serve the Amended Complaint was March 4, 2025. The Court's December 4th Order expressly warned that if Plaintiff failed to serve within 90 days of issuance

of the summonses for the Amended Complaint, she should request an extension of time for service. (*Id.*) Despite that explicit warning, Plaintiff did not serve EMT Tarsillo by March 4, 2025, did not request an extension, and service on Tarsillo was not effectuated until September 19, 2025—over six months after the Rule 4(m) deadline expired. (*See* ECF Nos. 38, 116.)

As detailed more fully in the City Defendants' Memorandum of Law in support of their pending Rule 12(b)(6) motion to dismiss the Amended Complaint, Plaintiff's claims arise from events on the evening of May 2 into the early morning of May 3, 2023, when NYPD officers responded to a reported mental-health crisis, called FDNY EMS, and Plaintiff agreed to go to the hospital for evaluation. (ECF No. 74, at 2-3.) Plaintiff's only factual allegation regarding Frank Tarsillo is that "when [he] and [EMT] Ryan Stack[] arrived, Plaintiff repeated all of the same information she had given to the officers." (Am. Compl., ECF No. 37, at ¶ 192.)

## **LEGAL STANDARD**

"'Federal Rule of Civil Procedure Rule 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Federal Rule of Civil Procedure 4(m).'" *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp.3d 428, 442 (S.D.N.Y. 2016) (internal citations omitted). Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The plaintiff bears the burden of demonstrating good cause for any failure to effect timely service. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor, *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), this "tenet is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and must tender more than mere "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

While courts must construe *pro se* pleadings liberally and interpret them as raising the strongest arguments they suggest, even *pro se* plaintiffs must establish that the complaint states a plausible claim for relief. *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (courts are "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions[.]") (internal quotation marks omitted).

3

# ARGUMENT

## POINT I

### DISMISSAL IS COMPELLED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)

The Second Circuit's holding in *Meilleur v. Strong* is directly controlling and mandates dismissal. 682 F.3d 56 (2d Cir. 2012). In *Meilleur*, the Court affirmed dismissal where a pro se plaintiff proceeding *in forma pauperis* failed to notify the district court of her reliance on the Marshals Service and failed to request an extension despite delays. 682 F.3d at 63. The Court established an unambiguous standard: "If a plaintiff proceeding *IFP* chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so." *Id.*

Plaintiff received explicit judicial warning citing *Meilleur* and instructing on the necessity of requesting extensions. (ECF No. 38). During the six-month period following the expiration of the service deadline, Plaintiff filed numerous documents with the Court—including motions for extensions on other matters (ECF Nos. 30, 31, 34, 80)—yet never once addressed Defendant Tarsillo's service status or requested an extension of time for service. Plaintiff's demonstrated capability to request extensions for other deadlines establishes that the failure here constitutes inexcusable neglect rather than inadvertence.

Recent Second Circuit precedent confirms that such failures mandate dismissal. In *Hamza v. Yandik*, the Court affirmed dismissal even where the Marshal Service contributed to the delay, because the plaintiff "should have 'advise[d] the district court that [he was] relying on the Marshals to effect service and request[ed] a further extension of time for them to do so.'"

4

2025 U.S. App. LEXIS 4021, *5 (2d Cir. 2025) (quoting *Meilleur*, 682 F.3d at 63). Similarly, in *Cassano v. Altshuler*, dismissal was warranted where plaintiffs "did not move for an enlargement of time or expressly request an extension in their opposition papers," despite having "been on notice for substantial period of time that their method of service . . . could be defective." 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016).

The prejudice to Defendant Tarsillo is manifest and substantial. As articulated in *Vaher v. Town of Orangetown*, "extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants." 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013); citing *Zapata*, 502 F.3d at 197–98. Here, the six-month delay has resulted in the expiration of the applicable statute of limitations for Plaintiff's state law claims, compelling Defendant Tarsillo to defend time-barred claims. *See* New York General Municipal Law § 50-i(1) (any tort action against a city, or "any officer, agent, or employee thereof . . . shall be commenced within one year and ninety days after the happening of the event upon which the claim is based[.]"); *accord* N.Y. C.P.L.R. § 217-a; *see also Campbell v. City of N.Y.*, 4 N.Y.3d 200, 202 (2005) ("[General Municipal Law §] 50-i sets forth a statute of limitations[.]"). Moreover, as recognized in *Barbosa v. City of New York*, prejudice "arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." 2018 U.S. Dist. LEXIS 165540, at *9 (E.D.N.Y. Sept. 26, 2018).

Plaintiff's failure to serve Defendant Tarsillo or request any extension, despite explicit judicial warning citing *Meilleur* and demonstrated capability to seek extensions for other matters, constitutes precisely the type of inexcusable neglect that precludes a finding of good cause. *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 405 (S.D.N.Y. 2020) (dismissal warranted

where plaintiff "did not make any effort to timely serve . . . or to ask for a waiver" despite "actual knowledge of the looming . . . deadline.").

## POINT II

### DEFENDANT TARSILLO JOINS IN CITY DEFENDANTS' PENDING RULE 12(b)(6) MOTION AND IS ENTITLED TO THE SAME RELIEF

Defendant Tarsillo respectfully requests that this Court permit him to adopt and join in all respects the City Defendants' pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 73-74). The legal arguments set forth in that motion and accompanying memorandum apply with equal force to Defendant Tarsillo, who is similarly situated to Defendant-Movant Ryan Stack, another FDNY EMT who responded to the same incident on May 2-3, 2023. As the Amended Complaint alleges, Defendant Tarsillo's sole involvement consisted of arriving at the scene with EMT Stack after the NYPD officers had already assessed the situation. (Am. Compl., ECF No. 37, at ¶¶ 192.) The constitutional and state law claims asserted against the City Defendants are predicated on the same operative facts and legal theories as those asserted against Defendant Tarsillo, and the deficiencies in Plaintiff's pleading identified in the City Defendants' motion apply equally to defeat any claims against Defendant Tarsillo.

For these reasons, Defendant Tarsillo respectfully requests that the Court permit him to adopt and join the City Defendants' pending Rue 12(b)(6) motion in its entirety.

**CONCLUSION**

For the reasons set forth herein, Defendant Frank Tarsillo respectfully requests that the Court grant its motion to dismiss all claims against Frank Tarsillo in the Amended Complaint, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 3, 2025

                                       MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for Defendants City, Castro, Corde, Orellana, Quintuna-Guaman, Stack, and Tarsillo*
100 Church Street
New York, New York 10007
(212) 356-2670

By: /s/ *John McLaughlin*
    John McLaughlin
    *Assistant Corporation Counsel*
    Special Federal Litigation

Cc:   **VIA ECF**
      Kelly MacNeal
      507 W 28th Street
      Apt. 26D
      New York, NY 10001
      Email: Macnificent2016@gmail.com
      *Plaintiff Pro Se*

      Elizabeth Anne Figueira
      New York State Office of the Attorney General (28 Liberty)
      28 Liberty Street, 15th Floor
      New York, NY 10005
      (212) 416-8528
      Fax: (212) 416-6009
      Email: elizabeth.figueira@ag.ny.gov
      *Attorney for Codefendants*

**CERTIFICATION**

In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 1,975. I have relied on the word count function of Microsoft Word to prepare this certification.

Dated:    New York, New York
          November 3, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for Defendants City, Castro, Corde, Orellana, Quintuna-Guaman, Stack, and Tarsillo*
100 Church Street
New York, New York 10007
(212) 356-2670

By: /s/ *John McLaughlin*
    John McLaughlin
    *Assistant Corporation Counsel*
    Special Federal Litigation