```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KELLY MACNEAL,                              :    24 Civ. 6017 (LGS) (JW)
                           Plaintiff,       :
                                            :    PLAINTIFF'S OPPOSITION TO
            -against-                       :    DEFENDANT FRANK TARSILLO'S
                                            :    MOTION TO DISMISS
THE STATE OF NEW YORK,                      :    THE AMENDED COMPLAINT
                       Defendant(s),        :
------------------------------------------------------------ X
```

Pro se Plaintiff Kelly MacNeal respectfully opposes Defendant Frank Tarsillo's Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) (ECF No. 120). Plaintiff requests that the Court deny the motion in its entirety, or, in the alternative, grant a discretionary extension of time for service nunc pro tunc and permit the claims against Defendant Tarsillo to proceed.

## PRELIMINARY STATEMENT

Plaintiff proceeds pro se and in forma pauperis, relying on the U.S. Marshals Service for service of process. Although service on Defendant Tarsillo was effected on September 19, 2025—after the March 4, 2025 deadline under Rule 4(m)—good cause exists for the delay due to Plaintiff's well-documented medical disabilities, including a Traumatic Brain Injury (TBI) and chronic, debilitating migraines that are the very subject of this lawsuit. These conditions substantially impair Plaintiff's cognitive functioning, executive function, and ability to multitask or consistently track multiple procedural deadlines in complex federal litigation.

The Court has previously acknowledged Plaintiff's medical issues by granting her request to appear at a conference by telephone rather than in person due to her health challenges, which at that time included a recent fall resulting in sprained ankles that further impaired ambulation, in

addition to ongoing TBI and vertigo symptoms. Plaintiff has repeatedly sought the appointment of pro bono counsel, citing her TBI disabilities, but those requests have been denied, leaving Plaintiff to navigate this multi-defendant case alone while managing ongoing medical treatment, daily pain and cognitive challenges.

Medical literature consistently establishes that TBI frequently results in long-term deficits in executive function, attention, memory, processing speed, and multitasking—precisely the abilities required to manage procedural deadlines in litigation. Even if the Court finds that strict "good cause" under Meilleur v. Strong, 682 F.3d 56 (2d Cir. 2012), is not established, the equitable factors under Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007), strongly favor a discretionary extension: the statute of limitations has run on certain claims, Defendant Tarsillo has actual notice and suffers no identifiable prejudice beyond routine delay, service was ultimately completed, and dismissal would forever bar potentially meritorious claims on purely technical grounds against a disabled pro se litigant. Moreover, principles of equal access to justice, akin to those embodied in Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., counsel in favor of accommodating Plaintiff's disabilities through procedural flexibility to ensure meaningful participation in the judicial process.

### STATEMENT OF FACTS RELEVANT TO SERVICE DELAY

Plaintiff's Traumatic Brain Injury and resulting chronic debilitating migraines are not merely asserted—they form the core factual and legal basis of the claims in this action. Plaintiff's debilitating and painful physical challenges played a critical role in the defendants 'alleged mishandling of Plaintiff's effort to obtain legal enforcement of her disability rights and the State defendants 'subsequent false report of Plaintiff having a mental crisis on May 2-3, 2023 instead

of intervening to assist Plaintiff and protect her from ongoing violations of her rights perpetrated by her landlord and neighbor.

Plaintiff's physically disabling conditions cause persistent and severe symptoms, including but not limited to:

- Daily migraines of debilitating intensity that significantly limit concentration, memory, and cognitive processing;
- Marked deficits in executive functioning, including extreme difficulty with organization, planning, prioritization, and multitasking;
- Heightened sensitivity to stress, which exacerbates symptoms and further impairs functional capacity.

Throughout the relevant period (December 2024 through September 2025), Plaintiff was required to manage numerous simultaneous filings, motions, discovery issues, and extensions in this complex case involving multiple defendants and overlapping claims. At the same time, Plaintiff continued to experience acute medical episodes requiring treatment and recovery time, including a fall that resulted in sprained ankles and an injured right arm, which exacerbated mobility issues and added layers of pain management to her existing TBI and vertigo challenges.

The Court has already accommodated these documented disabilities on at least one prior occasion by permitting telephonic appearance at a conference when Plaintiff's condition prevented in-person attendance. This prior accommodation constitutes judicial recognition of the genuine and substantial impact of Plaintiff's medical conditions on her ability to litigate.

Additionally, clerical errors by the Pro Se Intake Unit have potentially contributed to delays in service. The Pro Se desk has repeatedly misspelled defendants' names when transcribing e-filings and entering information on the docket and/or transmitting information to the U.S.

Marshals Service for service. This is in spite of none of the names being misspelled by Plaintiff, Defense counsel or Your Honor on any documents from which the names were taken. In this case, Defendant Tarsillo's name was incorrectly docketed by the Pro Se desk as "Tarisillo," which likely caused the Marshals' initial inability to complete service until the name error was corrected on the Summons. In the related case, No. 23-cv-5890, Defendant Sgt. Bryan Hanson was served as "Sergeant Bryan," (ECF No. 70, 23-cv-05890) requiring Plaintiff to seek a stipulation from Defense counsel to deem service completed. These recurring complications from the Pro Se desk have imposed additional burdens on this already overwhelmed disabled pro se Plaintiff, who is doing her best to manage the complex requirements of her cases.

Despite diligent efforts to advance the case overall—evidenced by Plaintiff's timely filings and successful requests for extensions on other matters—the combination of cognitive impairment from TBI, daily debilitating pain, clerical errors outside Plaintiff's control, and the absence of counsel made it effectively impossible for Plaintiff to monitor every discrete service obligation with perfect precision. The failure to file a specific extension request for Defendant Tarsillo was not willful or dilatory conduct, but a direct and unavoidable consequence of Plaintiff's documented disabilities and these administrative errors.

Plaintiff has been unable to secure legal representation despite good-faith efforts, and the Court's denial of pro bono counsel has compounded the burden of these medical and administrative limitations.

ARGUMENT

**I. GOOD CAUSE EXISTS FOR THE DELAY IN SERVICE DUE TO PLAINTIFF'S DOCUMENTED MEDICAL DISABILITIES AND CLERICAL ERRORS, AND THE COURT SHOULD IN ANY EVENT EXERCISE ITS DISCRETION TO EXTEND THE SERVICE PERIOD**

Federal Rule of Civil Procedure 4(m) requires extension of the service deadline upon a showing of good cause, and permits discretionary extension even in the absence of good cause. Zapata v. City of New York, 502 F.3d 192, 196-98 (2d Cir. 2007).

Courts routinely find good cause where delays result from circumstances outside the plaintiff's reasonable control, particularly for pro se in forma pauperis litigants facing significant health obstacles or relying on the Marshals Service. See, e.g., Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (good cause found where pro se incarcerated plaintiff relied on marshals); Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) (considering health issues in good cause analysis).

Here, Plaintiff's TBI and chronic debilitating migraines with vertigo—conditions previously accommodated by this Court—directly and substantially impaired her ability to manage the full scope of procedural obligations. These are not vague or self-reported complaints; they are the central medical issues underlying the claims in this lawsuit and have already warranted judicial accommodation. The cognitive and functional limitations they impose (executive dysfunction, inability to multitask effectively, and episodic incapacity due to pain and vertigo), combined with documented clerical errors in docketing and transmission to the Marshals Service, constitute good cause for the oversight in requesting a specific extension for one defendant amid numerous other pressing deadlines. The additional physical injuries from Plaintiff's fall, during this elapsing time period, (causing sprained ankles and injured right arm) further compounded her

challenges physically and distracted her with added medical and legal concerns, though the primary barriers remained cognitive and administrative.

Even assuming arguendo that good cause is not established under the strict Meilleur standard, the Court retains broad discretion to extend the service period. Zapata, 502 F.3d at 197 (emphasizing courts 'discretion to balance equities, even without good cause). Factors favoring extension include:

1. **Expiration of the statute of limitations**: The underlying events occurred in May 2023. The 1-year-and-90-day limitations period for state-law claims against municipal employees (N.Y. Gen. Mun. Law § 50-i) has expired. Dismissal, even without prejudice, would therefore operate as a dismissal with prejudice, forever barring refiling. See Zapata, 502 F.3d at 198 (limitations bar is a key factor favoring extension).

2. **Lack of prejudice to Defendant**: Defendant Tarsillo has received the Amended Complaint, retained counsel, and filed a substantive motion. No evidence suggests faded memories, lost evidence, or other concrete prejudice beyond the ordinary effects of time—which existed regardless of the precise service date.

3. **Actual notice and completion of service**: Service was accomplished by the Marshals without further intervention after correction of the docket error, providing full notice.

4. **Pro se status and documented disability**: Courts afford particular leniency to pro se litigants with verified medical impairments. See, e.g., LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("pro se plaintiffs should be granted special leniency regarding procedural matters"); Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994)

(considering physical disability in excusing procedural default). Moreover, principles from the ADA underscore the need for courts to ensure equal access to justice by providing reasonable accommodations for disabilities, including procedural flexibility where impairments affect compliance. See Tennessee v. Lane, 541 U.S. 509, 531-32 (2004) (Title II of ADA requires accommodations for courtroom access); see also Judicial Conference of the United States Policy on Accommodations (requiring federal courts to provide reasonable accommodations for disabilities to promote access).

Dismissing claims against Defendant Tarsillo under these circumstances would elevate technical compliance over substantial justice, particularly where Plaintiff's disabilities—already recognized by the Court and corroborated by medical literature—directly contributed to the delay, administrative errors further impeded timely service, and denying relief could implicate equal access concerns under ADA-like principles.

## II. THE CLAIMS AGAINST DEFENDANT TARSILLO SHOULD NOT BE DISMISSED UNDER RULE 12(b)(6)

Defendant Tarsillo joins the City Defendants 'pending Rule 12(b)(6) motion (ECF Nos. 73-74). Plaintiff incorporates by reference her opposition to that motion. The minimal allegations against Tarsillo (arrival on scene and receipt of information from Plaintiff, Am. Compl. ¶ 192) are tied to the same operative facts and, viewed liberally, state plausible claims for relief when read in context of the full pleading.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant Tarsillo's motion in full. In the alternative, Plaintiff requests a discretionary extension of the Rule 4(m) period nunc pro tunc to September 19, 2025, and permission for the claims to proceed on the merits.

Dated: December 19, 2025
New York, New York

Respectfully submitted,

Kelly MacNeal
*Pro se Plaintiff*
507 W 28th Street, Apt. 26D
New York, NY 10001
Email: Macnificent2016@gmail.com

Cc: **VIA ECF**
    Elizabeth Anne Figueira
    New York State Office of the Attorney General (28 Liberty)
    28 Liberty Street, 15th Floor
    New York, NY 10005
    Tel.:   (212) 416-8528 Fax:   (212) 416-6009
    Email: elizabeth.figueira@ag.ny.gov
    *Attorney for Codefendant State of New York*

    Bronwyn M. James
    New York State Office of the Attorney General
    28 Liberty Street
    New York, NY 10005
    Tel.:   (212) 416-8627
    Email: Bronwyn.James@ag.ny.gov
    *Attorney for Codefendant State of New York*

    Joseph Zangrilli
    New York City Law Department
    100 Church Street
    New York, NY 10007
    (212) 356-2657
    jzangril@law.nyc.gov
    *Attorney for Codefendant City of New York  -  Senior Counsel*

Jack McLaughlin
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov
*Attorney for Codefendant City of New York - Assistant Corporation Counsel*